Tueley, J.j
delivered the opinion of the court.
This is a bill filed by the complainants to review a decree of the chancery court given in favor of the defendant at Columbia, in September 1832, under the following circumstan--ces. Anthony Bledsoe died possessed of 5000 acres of land,to wit: one tract for 4000, one for 506 acres, and one for 500 acres, leaving three sons, Abraham, Isaac and Henry his heirs at law. In the year 1822, Henry sold the 500 acre tract to-Anderson B. Carr", and executed his individual bond for title, there having been no partition between said heirs at law. Abraham and Henry afterwards died leaving a number of children. In the year 182-5, Anderson B. Carr filed his bill-againstlsaac Bledsoe and iheheirsofhis brothers, Abraham and Henry, for a partition of the lands and for a specific perform-- *56 anee of his contract with Henry, and upon the report com- . . . J , appointed by the court, tee land was partitioned, allotting to Abraham Bledsoe’s heirs the 503 acre tract and 1400 acres out of the 4000 acre tract, to Isaac Bledsoe 2378 of the 400D aero tract, and to Henry Bledsoe’s heirs the 500 acre tract and 722 acres of the 4000 aero trac!, and by the decree the title to the ¿>30 acre tract was devested out of the heirs of Henry Bledsoe and vested in Anderson B. Carr. After the Bill was filed by Anderson B. Carr for a partition of the lands and a specific execution of his contract with Henry Bledsoe, and before the decree was rendered therein, a bill was filed in the circuit court of Sumner county against the heirs at law of the said Anthony Bledsoe by OtvT.e Bradley, for a specific execution of a contract made by said Bled-soe with one Nathaniel Henderson, in the year 1784, for a conveyance of a portion of said above described lands, which was so prosecuted, that at the September term of said court and one week after the decree had been rendered in the chancery court at Columbia, in favor of Anderson B. Carr, a decree was pronounced in favor of Bradley for 2230 acres of the land and which ivas allotted to him out of the 4000 acre tract. This produced an inequality in the division as made by the chancery court, and to correct which this bill of review is filed. The question for the consideration of the court is, whether under this state of facts the chancellor ought to have reversed the cause and have made a new partition of the lands.
The authority of a court of chancery to review its decrees rests on the order of Lord Bacon. Previous to its establishment, decrees after enrolment were as obligatory and as finally binding, as judgments at law after an adjournment of the term at which they were rendered. Upon the construction of this order then, the question under comideration must of necessity rest.
This order provides that, “no decree shall be reversed or explained, being once enrolled, but upon bill of review, and no bill of review shall be admitted except it be upon error in law, appearing in the body of the decree, without further examination of matters of fact, or ho shall show some new matter *57 which hutn arisen m time after the decree, and not any - , . • i , , , , , J prooí which might have been used when the decree ii _ t • i i made. “¿Noverihi less, upon new prooí which hath come to light since and after the decree madt and could not possibly have been used at the time when the decree passed, a bill of review may be granted by the special leave of tbs court, but not otherwise.”
It may be well to premise that an enrolment of a decree in England and an adjournment of a term of court at which one may have been given in this State, are here to be considered as synonimous terras, from which under the ordinance quoted it follows, that after a decree has been pronounced and the court lias adjourned, it' can only be. “reversed or explained” by hill of review. The order of Lord Bacon recognises three causes for reviewing a decree. 1st, Error apparent in the body of the decree. 2nd, New matter which hath arisen in time after the decree. And 3rd, Where proof hath come to light since the decree and could not possibly have been used at the time when the decree passed. It is not pretended that this hill of review can he sustained uder the first or third provisions of the ordinance, hut it is urged, and with plausibility, that it can he under the second. The merits of the question depend on the construction to he given to the word “arisen.” For the complainants it is argued to mean new matter which has come into existence after the decree in the original cause; whilst for the defendant it is said to mean matter which was in esse at the time the decree was given, hut which was not in the knowledge of the party claiming the benefit of it by a bill of review. If this were a new question wo might feel embarrassed by it, for perhaps in common parlance, the word “arisen” as used in Lord Bacon’s ordinance would be under-stood to mean what is contended for by the counsel for the complainants.; hut the court is relieved from this difficulty by the construction which has been given to it by well considered authorities. In the case of Sir Thomas Standert vs. Radley, determined in 1741, and reported in 2 Atk. 177, Lord Hardwick in discussing this subject says: “The rule .to review and revise a former decree is the discovery of new *58 matter since the making of such decreo~ which was in being :at the dine, but was no~ known to the party untit afterwards.''
And in the case of Goodside vs. Lukewood, determined in IISd, and reported in Dicken's Cha. Rep. 612, it is stated by John Dickens at that titce senior register of the court of chancery, to whom the tnettcr was reelTOd by Lord Conimis-sioner Loughboreugti, ``that whare a discovery heW been made since a decroo of matter or a Wet in (CSCC at the time of pronounci~g it, the party must apply fof Lava to file a bill to bring it before the court, and the court wili require to be satisfied that the matter ahegod to be newly disooverud was not at the time of the haoring, in the knonladge either of the party or Ins sblicitor or ogen~," aud with this O~:uiOfl the Lord Loughorough and the tvh'alo court were satisfied.
Those two eases tens: ha ocesidored as settling this question, and as we think clearly right on principle. if the construction of this rule of Lord Bacon's as contended for by the complainants were given, it. is appareat that oases in chancery would frequently ha aheost interminable. Jis the case now under consideration, no ono disputes but that the facts sought to be set no by the hiP of re'rie;v were in cease at the time the original decree was rendered, and were fully withia the knowledge of the oumplainauts; but it is argued that the decree of the circuit court which produced an inequality in the partition, bad not seen given, out! it is sought to make it and not the facts upeE' `C inCh it VI' s founded the eewiy ciisooserbd matter. This will not d a, i~ccanse: 1st. A ueoroo~ is not new matter within the macmug of the rule, it is a legal adjudication of the rights of the patties upon tho nseaer charged in the bill. And Pad. If this were nat so and it could be censidored as matter, then it was cot in essee at the time the original decree was rendnred, and therefore under the authorities above cited, cannot be made din groucd of a bill of review. We are therefore of opinion that there is no error in the decision of the ehanoollor dismissing the bill, and affirm the decree.
Decree affirmed.